















TKL   10/18/05   8:14
3:04-CV-02186   JONES V. TRIPLE STAR INC
*61*
*DECL.*

Scott J. Ferrell, SBN 202091
Julie R. Trotter, SBN 209675
CALL, JENSEN & FERRELL
A Professional Corporation
610 Newport Center Drive, Suite 700
Newport Beach, CA 92660
(949) 717-3000
sferrell@calljensen.com
jtrotter@calljensen.com

Attorneys for Defendants TRIPLE STAR, INC. DBA 7-ELEVEN
and FIFTH STEVENSON PROPERTIES CORP.

FILED

25 OCT 17 PM 3: 09

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GYPSIE JONES,<br><br>          Plaintiff,<br><br>          vs.<br><br>TRIPLE STAR, INC. dba 7-ELEVEN;<br>FIFTH STEVENSON PROPERTIES<br>CORP.; and DOES 1 through 10,<br><br>          Defendants. | Case No. 04 CV 2186 JM (POR)<br><br>**DECLARATION OF BILL NORKUNAS IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**<br><br>Date:  October 31, 2005<br>Time:  11:00 a.m.<br>Place:  Room 6<br><br>Complaint Filed:  October 30, 2004<br>Trial Date:         January 9, 2006 |

I, Bill Norkunas, hereby declare as follows:

1.      I am the founder and president of ADAhelp, Inc.  I am familiar with all aspects of the Americans with Disabilities Act ("ADA") and have been involved in ADA compliance projects relating to hotels, motels, restaurants, theaters, convention centers as well as city, county and state government ADA accessibility and compliance

SEV02-05:171588_1:10-17-05                                                                  - 1 -
DECLARATION OF BILL NORKUNAS IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION FOR PARTIAL SUMMARY JUDGMENT

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

1 studies since 1990. I have conducted more than 3,500 ADA compliance surveys/audits
2 across the country. I am certified as an expert in two Federal Circuits and have served
3 as an expert in more than 2,300 Title III and Title II cases. Attached as Exhibit "A" is a
4 true and correct copy of my curriculum vitae.

5     2.     On or about August 4, 2005, I visited the 7-Eleven located at 191 San
6 Ysidro Blvd., San Ysidro California ("the Store") for purposes of inspecting the
7 premises and preparing an expert rebuttal report to the report submitted by Plaintiff's
8 expert, Reed Settle, in the above entitled matter. A true and correct copy of my ADA
9 Expert Rebuttal Report is attached hereto as Exhibit B.

10     3.     As a polio victim for the past 54 years, part of my inspection of the Store
11 involved attempting to access the Store's goods and services while using my personal
12 scooter. I found that I had no problem whatsoever accessing the Store.

13     4.     In addition, I took measurements of various accessibility features
14 mentioned in Mr. Settle's expert report, including the height of the counter and the
15 slopes of the accessible parking space, access aisle, curb cut ramp, path of travel and
16 landings. As noted in my ADA Expert Report, I agree with Mr. Settle's measurement
17 of the counter at 36 ¼ inches in height and believe that the counter falls well within the
18 requirements of ADAAG section 7.2, especially given the dimensional tolerances
19 provided for under section 3.2. I disagree, however, with Mr. Settle's conclusion that
20 the curb cut ramp and landing areas fail to comply with ADA requirements.
21 Specifically, I measured the landing areas and path of travel with a slope meter and
22 found them to be within the requirements set forth in ADAAG 4.7. Accordingly, I
23 concluded on page 6 of my report that this is "an acceptable path of travel into the store
24 as is." It is my custom and practice to note instances where the slope does not comply
25 with ADAAG requirements; however, I do not record every measurement in which the
26 Store meets ADAAG standards. I further believe that the path of travel does not
27 require handrails.

28

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

SEV02-05:171588_1:10-17-05

DECLARATION OF BILL NORKUNAS IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION FOR PARTIAL SUMMARY JUDGMENT

5.    I have reviewed Plaintiff's Memorandum of Points and Authorities in Support of Her Motion for Partial Summary Judgment. I note that Plaintiff argues the "Van Accessible" sign posted at the Store fails to comply with the ADA because it does not include a *physically* separate "van accessible" sign. As an initial matter, there is no requirement under the plain language of ADAAG section 4.6.4 that requires a *physically separate* and additional "van accessible" sign. The sign that Defendants had posted at the property, which is evidenced at page 6 of my report, included the words "van accessible" and therefore complied with the requirements of ADDAG section 4.6.4. Plaintiff's argument that a physically separate sign is required is not supported by any case law or legislative history that I am aware of. To the contrary, in my experience working with congressional staffers and committees in developing the framework for the ADA, I am aware of the fact that the intent of the framers of the ADA, in requiring businesses to add the words "van accessible" on parking spaces accommodating vans, was to avoid the burden and expense on businesses of completely replacing their disabled parking signs. In lieu of completely replacing the existing signs, the legislature allowed businesses to merely add an additional sign designating the space as "van accessible."

I declare under penalty of perjury that the foregoing is true and correct. Executed on this day of October 17, 2005, in *Tamarac*, Florida.

Bill Norkunas

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DECLARATION OF BILL NORKUNAS IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

**WILLIAM NORKUNAS**
6103 Umbrella Tree Lane, Fort Lauderdale, FL. 33319
(O) 954-484-7149 / (F) 954-484-3539 / (C) 954-871-9733
1-888-323-2005
billnorkunas@adahelp.com     www.adahelp.com

MR. NORKUNAS' AREA OF SPECIALIZATION IS IN <u>DEFENSE</u> OF ADA TITLE II & TITLE III LAWSUITS; WITH A HEAVY EMPHASIS ON DRAFTING *ADA BARRIER IMPLEMENTATION PLANS* TO AVOID COSTLY LITIGATION.

## PROFESSIONAL EXPERIENCE DISABILITIES ISSUES:

1990 – Present – Mr. Norkunas is familiar with all aspects of the Americans with Disabilities Act (the "ADA") and has been involved in ADA compliance projects relating to Hotels, Motels, Restaurants, Theaters, Convention Centers as well as city, county and state government ADA accessibility and compliance studies since 1990. Bill has developed ADA audits for historic landmarks such as *The Alamo* in San Antonio and the *Plymouth Rock Plantation* in Massachusetts; he has conducted in excess of 3,500 ADA compliance surveys/audits across the United States, is certified as an expert in two Federal Circuits and has served as an expert in more than 2,300 Title III (& Title II) cases;

1988 to 1990 Research Director. Worked with congressional staffers and committees in developing the framework for the ADA, i.e. the *Committee on Education and Labor*, the *Committee on the Judiciary*, the *Committee on Public Works and Transportation*, and the *Committee on Energy and Commerce*.

1968-1988 - Employed in the private sector / IBM Computer sales.

## CERTIFICATIONS

2004 – *Licensed by the State of Florida, [AC#1619366], the Department of Business and Professional Regulation,* <u>Construction Industry Licensing Board</u> to instruct for <u>*Understanding the ADA and the Florida Accessibility Code*</u> and to issue CEU's (continuing education credits) to all registered and certified contractors, licensed architects, and certified building officials.

Certified instructor on Title's I, II, & III of the ADA by the *Florida Bar* for CLE (continuing legal education) credits, and is approved by the *Florida Bar Certification Plan* for ADA instruction in the areas of Appellate Practice, Civil Trial, and Labor & Employment, and is approved by the *Commission on Rehabilitation Counselor Certification* for CRC credits;

Certified Building Code Accessibility Specialist / BOCA – Building Officials and Code Administrators International

Member - Building Officials Association of Florida

Florida Association of Building Inspectors, Inc.

South Florida Building Officials Council Association

Broward County Building Officials & Inspectors Education Association

**EXHIBIT A**

## EDUCATION

University of Wisconsin, College of Engineering – Course major was *Renovating and Restoring Historic Buildings per the Americans with Disabilities Act* (ADA).

Harvard University, Graduate School of Design – Course major was *Advanced Elements of the Americans with Disabilities Act* (ADA), the *Uniform Federal Accessibility Standards* (UFAS), and the *Fair Housing Accessibility Act* (FHAA).

Merrimack College – Business Major

## PROFESSIONAL CONTINUING EDUCATION

June, 2005 - U.S. General Services Administration, Office of Government wide Policy, Center for IT Accommodation (CITA), completed course work on section 508 of the Rehabilitation Act.

(Spring) 2005– Fair Housing Act / Fair Housing Accessibility Act – Continuing education updates and Court rulings impacting the FHA / FHAA by Project H.O.P.E.

(Spring) 2005 – State of Florida, Department of Business and Professional Regulation, Construction Industry Licensing Board, *Recertification* for instructing on the ADA / FACBC.

(Fall) 2003 – Monroe County ADA Seminar course: *The Duties of Private and Governmental Entities to Provide Accommodations to People with Disabilities.*

(Summer) 2003 - *Massachusetts Construction Projects and the Americans with Disabilities Act*, and *Massachusetts Architectural Access Board Rules and Regulations – 521 CMR*, CEU course presented by New England ADA & Accessibility IT Center in conjunction with Kessler McGuinness & Associates and Deborah A. Ryan Associates.

(Spring) 2003 - US Department of Housing and Urban Development (HUD), *Affirmatively Furthering Fair Housing*, Florida Atlantic University (FIU).

2002 - State of Florida, Department of Community Affairs, course completion on *Florida Accessibility Code for Building Construction Program*, course no.: CILB-0001575, continuing education credits.

2001 - American Bar Association-American Law Institute / *Americans with Disabilities Act Title III Issues for Real Estate, Land Use, and Construction Lawyers*, CEU course in association with the US Department of Justice and the US Architectural and Transportation Barriers Compliance Board.

2000 - American Institute of Architects (AIA) completed course work on *ADA Accessibility Guidelines*, co developed by the U.S. Architectural and Transportation Barriers Compliance Board (Access Board),

1997 - Universal Accessibility Conference, CEU's on the ADA and FHA by the US Department of Justice and the American Institute of Architects.

1993 – DREDF Phase II ADA Training.

1992 - Disability Rights and Education Defense Fund (DREDF) ADA Training.



**954-484-7149 Fax: 954-484-3539 www.adahelp.com 1-888-323-2005**
**6103 Umbrella Tree Lane, Tamarac, FL 33319**

## PROFESSIONAL ACHIEVEMENTS

Selected by the Baltimore Orioles (Florida) as their ADA Consultant; Selected by the City of Miami and the City of Deerfield Beach to be their ADA Consultant; Selected by Broward County, Division of Mass Transit to be the ADA Advisor to insure the County's 5,000+ bus stops are accessible to the disabled; Selected by the Supervisors of Elections in four (4) Florida County's to guide them in making all polling locations accessible to the disabled;

Selected by the Mills Corporation, owners, and managers of major shopping malls throughout the United States as their ADA consultant;

Invited with the Department of Justice, Disability Rights Section, to be a featured speaker on Title III of the ADA to the City of Orlando, and to the Greater Orlando Hotel / Motel Association;

Has conducted more than 61 professional education seminars on the ADA throughout the US; Has been the keynote speaker on the ADA to the state of North Carolina, the state of Massachusetts, state of California, state of Texas, state of Ohio, and the state of Pennsylvania Post Polio Associations.

ADA Consultant to the *State of Florida, Department of Transportation*, "Walk Florida Initiative", consultant to the *City of Plantation;* to *Martin County* and to *Okeechobee County, Florida;* consultant to each of the six hospitals comprising the *Orlando Regional Healthcare System,* including the *Arnold Palmer Children's Hospital;* consultant to *Burger King*; to *Hooters Restaurant's,* to *McDonald'* and to *KFC franchisees.*

ADA Advisor to the *City of Miami, City of Fort Lauderdale, City of Stuart, City of Deerfield Beach, City of Lowell, Massachusetts;* is the ADA Consultant to each of the 54 agencies of the *United Way of Broward County*; is the ADA Advisor to the *Girl Scouts;* served as the ADA Title I Consultant to the *Red Roof Inn Corporation*; and serves as an ADA Consultant to the law firm of *Skadden, Arps* for their Fortune 25 clients.

## MILESTONE RECOGNITIONS

June, 2005 - Appointed by Governor Jeb Bush to the *Florida Building Commission* for a 4 year term.
http://www.dca.state.fl.us/fbc/commission/1_commission_meetings.htm

2005 - Selected by California headquartered *El Pollo Loco* (327 locations) as their ADA Consultant to survey restaurant locations for ADA compliance.

2004 - Selected by the *Helmsley Corporation* to be the ADA consultant for their New York City hotel properties.

2004 - Selected by California, Arizona and Nevada based fast food company, *In-N-Out Burgers* (187 locations) as their ADA Consultant to survey all restaurant locations for ADA compliance.

2004 – White House, Washington, D.C. - Traveled to Istanbul, Turkey at the invitation of the White House in coordination with the Secretary of State for the Presidents NATO Summit trip as a Disability Specialist to discuss disability related issues.

2004 – Selected by the *Columbia Sussex Corporation* as their ADA Consultant to travel to 23 states to insure ADA compliance with all 44 Marriott Resort Hotels and Crowne Plaza Hotels.

2003 - Smithsonian Museum, Washington, D.C. - selected as a Disability Consultant for the worldwide *Polio Oral History Project.*

2003 - Appointed by the Broward County Commission to the *County Board of Rules and Appeals,*

http: www.broward.org-codeappeals welcome.htm

as the ADA / FBC Disability Expert for all final decisions and rulings on construction, building, and zoning projects (and disputes) within this County of 1.5 million people. Member of:

*Building Education Committee;- / Architects / General Contractors Committee; / Plumbing Committee*

1998 – Appointed by U.S. Secretary of the Treasury Robert Rubin to the Secretary's *Taxpayers Advocacy Panel (TAP)* to assist in the Treasury Department's re-organizing of the IRS. Each succeeding Treasury Secretary has reappointed him. Served as the Vice-Chairman.

1997 - Appointed by the Governor of Florida to the states *Human Rights Advocacy Committee.* Responsibilities included protection and advocacy for those with mental health disabilities;

1996 - Selected by the US Olympic Committee to carry the Olympic Torch through Ft. Lauderdale, and then selected by the International Olympic Committee to be a *Disability Accessibility Advisor* to the Year 2000 Olympic Games in Sidney, Australia;

Since 1993, serves on the Board of Directors of the *March of Dimes,* and as a golf coach for *Special Olympics.*


**FEE SCHEDULE:**

1. Expert Compensation:

$150.00/hour / Deposition: $300.00/hour / Court Testimony: $300.00/hour

2. Witness Publications:

While an unpublished book author, I have authored more than two dozen newspaper and magazine articles on the ADA and have written on ADA accessibility compliance for disability travel magazines.

3. Prior Expert Testimony / Deposition:

| | |
|---|---|
| 05 / 02-23374 | Access Now, Inc. et al. v. Arby's Roast Beef Restaurants |
| 04 / 02-4070 | Forance v. Caesars Palace |
| 04-13761 | Burton Jacknow, et al. v. Cricket Club Condominium |
| 03-1474 | Access 4 All, Inc. v. Wakulla Suites |
| 03-10694 | Swanson (Berry) v. City of Lowell |
| 02-582 | Access Now, Inc., et al. v. Holiday Inn |
| 00-68794 | Shotz v. City of Plantation |
| 00-10794 | Access 123, Inc. et al. v. Sports Depot |
| 00-107933 | David v. Comsage, d/b/a Howard Johnson's |
| 00-10575 | Michael Muehe v. Thailand International Corporation |
| 99-06027 | Access Now, Inc. v. Leisure Colony d/b/a Hilton Hotel |
| 98-08966 | Access Now, Inc. v. Felcor Lodging d/b/a Embassy Suites |
| 98-08963 | Access Now, Inc. v. Felcor/CSS Holdings d/b/a Doubletree Hotel |
| 98-03004 | Access Now, Inc. v. Florida Medical Center |



| 98-2660 | Association for Disabled Americans, Inc. et al. v. Beach Plaza |
| 96-7006 | Alliance for ADA Compliance, Inc. et al. v. Lauderdale Beach Resort |
| 95 – Title II | Garon v. City of Plantation |
| 94 –Title II | Garon v. Broward County Airport |

## OUTSTANDING ACCOMPLISHMENTS

In mediations, assisted in bringing more than 950 cases to settlement, thus eliminating need for trial(s).

*Beginning in the year 2002 Mr. Norkunas has been accepted by both defendants counsel and plaintiffs counsel in more than ten dozen ADA suits as the combined (sole) ADA Expert, and has recently been approved in the 11th Circuit by the Southern District Court as the Independent Compliance Monitor in the Enterprise Rent A Car class action suit involving more than 3,000 locations for ADA compliance.*

Mr. Norkunas will testify to the requirements for the removal of architectural barriers and communication barriers that are structural in nature in the existing facility; will testify where a requested modification is reasonable / unreasonable in the run of cases; and will testify when a requested modification would / would not fundamentally alter the nature of the public accommodation or public entity.



Monday, August 29, 2005

ADAhelp, *Inc.* • *Specialists in the*
**Americans with Disabilities Act**

FEI #47-0874947

# DEFENDANT'S

# ADA EXPERT

# REBUTTAL

# REPORT

Copyright 2005 © Bill Norkunas – ADA Consultant / All Rights Reserved

Reproduction or translation of any part of this document beyond that permitted by Section 107 or 108 of the 1976 United States Copyright Act without written permission of this copyright owner is unlawful.



**954-484-7149 Fax: 954-484-3539 www.adahelp.com 1-888-323-2**
**6103 Umbrella Tree Lane, Tamarac, FL 33319**

**EXHIBIT B**

We are in receipt of your recently mailed package containing a copy of the plaintiffs Expert report (hereinafter, the "PER") dated August 16, 2005 in the matter referenced below.

**GYPSIE JONES**

    Plaintiff

    vs.                         Case no.: 04cv2186 JM (POR)

**TRIPLE STARE, INC.,** d/b/a **7-ELEVEN;**

**FIFTH STEVENSON PROPERTIES**

**CORP.,** et al.

    Defendants

                            \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Said Rule 26(a)(2)(B) disclosure of plaintiffs Expert is a ten (10) page document with pages 3-10 in spreadsheet format listing alleged barriers to access . I am asked to provide a rebuttal to this report, and do so now.

<u>OVERVIEW</u>

Said premises under suit is a small, local 7-11 store built over 30 years ago.  At the time it was built, the ADA was not even a thought in any ones mind.  The store is built on a small hill as are all the surrounding homes and businesses.  Does this facility meet the brand new construction requirements of the ADA / ADAAG (Americans with Disabilities Act Accessibility Guidelines, the "Standards") – we reply <u>*certainly not.*</u>  Nor is it expected too. The sole criteria for the trier of fact is: *"Can an individual with a disability get to and into the store?  And once in the store, are they able to do what all non-disabled customers can do – purchase goods and service?"*  To both questions, we emphatically reply- YES!



The PER requests a TOW disabled parking sign be installed.

**RESPONSE**



Note the sign is installed - issue is moot.



The PER states there is no "complying" path of travel.

**RESPONSE**

There are two paths of travel to get to the store – the one shown below, which obviously is not usable by wheelchair customers, and...(see following page)



...this path of travel – shown at the white arrow on the right of the photo.



The stores manager has striped an accessible path of travel along the fence. It works. This writer is a polio victim for the past 54 years and uses and electric wheelchair to get around. We had no problems accessing the store.

DISCUSSION

The PER notes an accessible route can be constructed meeting the new construction guidelines of the ADAAG at a cost of $19,381.00. Such a princely sum was never contemplated by the framers of the ADA legislation and on its own is not a readily achievable item.



The PER speaks to the curb cut ramp.  We believe he is speaking about the area shown below.



## **RESPONSE**

We opinion this is an acceptable path of travel into the store as is.  But we do agree with the PER for the installation of a detectable warning.

Additionally the PER requests a separate and distinct sign be provided containing the words *"Van Accessible"*.  We opinion that because those words are presently on the sign shown in the photo above, there is no requirement to add another sign.



The PER speaks to the currently provided disabled parking space – and the allegation it does not meet the brand new construction requirements of the ADAAG.

This is the area in discussion (white arrow).



## **RESPONSE**

We opinion this is an acceptable disabled parking space providing all the needed clearance to arrive, exit, shop and re-enter your vehicle.



The PER alleges there is a "barrier to access" at the front entrance due to a "land-ing" violation of some type.





**RESPONSE**

We found no ADA "violations" and comment the entrance was more than accessible to this writer in his scooter.



The PER alleges there is not ADA signage at the public pay phone.

## **RESPONSE**

As shown below, there is such signage – the issue is moot.



The PER alleges the main check out counter where the cash register is located is an ADA violation. He opinions the counter height is 36 ¼ inches.



## RESPONSE

We agree with his measurement and cite section 7.2 of the ADAAG. Additionally, if this were a brand new counter just installed, this ¼ inch mentioned is well within dimensional tolerances cited at section 3.2 – issue is moot.



Additionally, the PER alleges reach concerns for the coffee area (self service). The photo below is not the coffee area but an adjacent area demonstrating the concern of the PER. We agree in principle with the PER.



## RESPONSE

All items within stores need not be accessible to all if there is a policy of accommodation by staff. We are informed this store has such a policy and has recently installed signs bearing the International Symbol of Accessibility (wheelchair symbol as shown on our letterhead), informing all those with special needs of their policy to assist – therefore the issue is moot.



Finally, the PER alleges there is no tactile sign at the exit door which also serves as the secondary means of egress in an emergency.



## RESPONSE
We agree with the PER and recommend such a sign be installed.



## **ADDENDUM**

Herein we address California Title 24 issues raised by the PER.

Question?

How does an individual with a disability get money from this lawsuit, i.e. how does a disabled person get at least $4,000.00 from a public business like this 7-11 store in San Ysidro when Federal Law, i.e., the Americans with Disabilities Act (ADA) prohibits compensatory and punitive damages?

Answer -

Prior to the passage of the ADA, California attorneys brought State Law access claims under the Unruh Act – because their disabled clients could get cash money for alleged "barriers" and they could pocket a fistful of cash for legal and Expert fees.

But their state law claims were always clouded by the fact that California statutes do not require places of public accommodation to proactively go back and alter their facilities to meet the new construction guidelines for accessibility as if they were being built new today.

### *SECTION 1134B – ACCESSIBILITY FOR EXISTING BUILDINGS*

*1134B.1 Scope. The provisions of this division apply to renovation, structural repair, alteration and additions to existing buildings, including those identified as historic buildings. This division identifies minimum standards for removing architectural barriers, and providing and maintaining accessibility to existing buildings and their related facilities.*

*1134B.2 General. All existing buildings and facilities, when alterations, structural repairs or additions are made to such buildings or facilities, shall comply with all provisions of Division I, New Buildings, except as modified by this division. These requirements shall apply only to the area of specific alteration, structural repair or addition and shall include those areas listed below:*

So what did California attorneys do that no other attorneys in the remaining 49 states do?



They creatively began going into Federal Court filing Title III suits because the ADA does have a retroactive inference at §36.304 for existing places of public accommodation to go back and physically remove architectural and communication barriers to access that are readily achievable to remove.

This is the key they needed to open the doors to California $$$ damage claims.

Then they simply added Title §§51, 52 claims as Count II in the Federal complaint, and expanded to add a Count III, Title §54 claim (Disabled Persons Act).

## SUMMATION

Competent Federal Judges across the 13 Judicial Circuits are addressing every ADA Title III case with the attention they deserve. But in almost every Federal Circuit the Courts are not addressing State law claims for money damages because the Judges are not deceived and know they are only for making a quick buck at the expense of small business men and women, like this franchised 7-11 which, when we were all younger were called "Mom & Pop" stores.

CONCLUSION

Your client has no affirmative obligation under California's Title 24 to do any of the items referenced in this PED report – until at such time as your client makes alterations, structural repairs, or additions to their building.

## End of rebuttal report

## WILLIAM NORKUNAS
**6103 Umbrella Tree Lane, Fort Lauderdale, FL. 33319**
**(O) 954-484-7149 / (F) 954-484-3539 / (C) 954-871-9733**
**1-888-323-2005**
billnorkunas@adahelp.com        www.adahelp.com

MR. NORKUNAS' AREA OF SPECIALIZATION IS IN DEFENSE OF ADA TITLE II & TITLE III LAWSUITS; WITH A HEAVY EMPHASIS ON DRAFTING *ADA BARRIER IMPLEMENTATION PLANS* TO AVOID COSTLY LITIGATION.

## PROFESSIONAL EXPERIENCE DISABILITIES ISSUES:

1990 – Present – Mr. Norkunas is familiar with all aspects of the Americans with Disabilities Act (the "ADA") and has been involved in ADA compliance projects relating to Hotels, Motels, Restaurants, Theaters, Convention Centers as well as city, county and state government ADA accessibility and compliance studies since 1990. Bill has developed ADA audits for historic landmarks such as *The Alamo* in San Antonio and the *Plymouth Rock Plantation* in Massachusetts; he has conducted in excess of 3,500 ADA compliance surveys/audits across the United States, is certified as an expert in two Federal Circuits and has served as an expert in more than 2,300 Title III (& Title II) cases;

1988 to 1990 Research Director. Worked with congressional staffers and committees in developing the framework for the ADA, i.e. the *Committee on Education and Labor*, the *Committee on the Judiciary*, the *Committee on Public Works and Transportation*, and the *Committee on Energy and Commerce*.

1968-1988 - Employed in the private sector / IBM Computer sales.

## CERTIFICATIONS

2004 – Licensed by the State of Florida, [AC#1619366], the Department of Business and Professional Regulation, Construction Industry Licensing Board to instruct for *Understanding the ADA and the Florida Accessibility Code* and to issue CEU's (continuing education credits) to all registered and certified contractors, licensed architects, and certified building officials.

Certified instructor on Title's I, II, & III of the ADA by the *Florida Bar* for CLE (continuing legal education) credits, and is approved by the *Florida Bar Certification Plan* for ADA instruction in the areas of Appellate Practice, Civil Trial, and Labor & Employment, and is approved by the *Commission on Rehabilitation Counselor Certification* for CRC credits;

Certified Building Code Accessibility Specialist / BOCA – Building Officials and Code Administrators International

Member - Building Officials Association of Florida

Florida Association of Building Inspectors, Inc.

South Florida Building Officials Council Association

Broward County Building Officials & Inspectors Education Association

## EDUCATION

University of Wisconsin, College of Engineering – Course major was *Renovating and Restoring Historic Buildings per the Americans with Disabilities Act* (ADA).

Harvard University, Graduate School of Design – Course major was *Advanced Elements of the Americans with Disabilities Act* (ADA), the *Uniform Federal Accessibility Standards* (UFAS), and the *Fair Housing Accessibility Act* (FHAA).

Merrimack College – Business Major

## PROFESSIONAL CONTINUING EDUCATION

June, 2005 - U.S. General Services Administration, Office of Government wide Policy, Center for IT Accommodation (CITA), completed course work on section 508 of the Rehabilitation Act.

(Spring) 2005– Fair Housing Act / Fair Housing Accessibility Act – Continuing education updates and Court rulings impacting the FHA / FHAA by Project H.O.P.E.

(Spring) 2005 – State of Florida, Department of Business and Professional Regulation, Construction Industry Licensing Board, *Recertification* for instructing on the ADA / FACBC.

(Fall) 2003 – Monroe County ADA Seminar course: *The Duties of Private and Governmental Entities to Provide Accommodations to People with Disabilities.*

(Summer) 2003 - *Massachusetts Construction Projects and the Americans with Disabilities Act*, and *Massachusetts Architectural Access Board Rules and Regulations – 521 CMR*, CEU course presented by New England ADA & Accessibility IT Center in conjunction with Kessler McGuinness & Associates and Deborah A. Ryan Associates.

(Spring) 2003 - US Department of Housing and Urban Development (HUD), *Affirmatively Furthering Fair Housing*, Florida Atlantic University (FIU).

2002 - State of Florida, Department of Community Affairs, course completion on *Florida Accessibility Code for Building Construction Program*, course no.: CILB-0001575, continuing education credits.

2001 - American Bar Association-American Law Institute / *Americans with Disabilities Act Title III Issues for Real Estate, Land Use, and Construction Lawyers*, CEU course in association with the US Department of Justice and the US Architectural and Transportation Barriers Compliance Board.

2000 - American Institute of Architects (AIA) completed course work on *ADA Accessibility Guidelines*, co developed by the U.S. Architectural and Transportation Barriers Compliance Board (Access Board),

1997 - Universal Accessibility Conference, CEU's on the ADA and FHA by the US Department of Justice and the American Institute of Architects.

1993 – DREDF Phase II ADA Training.

1992 - Disability Rights and Education Defense Fund (DREDF) ADA Training.



**954-484-7149 Fax: 954-484-3539 www.adahelp.com 1-888-323-2005**
**6103 Umbrella Tree Lane, Tamarac, FL 33319**

## PROFESSIONAL ACHIEVEMENTS

Selected by the <u>Baltimore Orioles</u> (Florida) as their ADA Consultant; Selected by the <u>City of Miami</u> and the <u>City of Deerfield Beach</u> to be their ADA Consultant; Selected by <u>Broward County, Division of Mass Transit</u> to be the ADA Advisor to insure the County's 5,000+ bus stops are accessible to the disabled; Selected by the <u>Supervisors of Elections</u> in four (4) Florida County's to guide them in making all polling locations accessible to the disabled;

Selected by the <u>Mills Corporation,</u> owners, and managers of major shopping malls throughout the United States as their ADA consultant;

Invited with the <u>Department of Justice,</u> Disability Rights Section, to be a featured speaker on Title III of the ADA to the City of Orlando, and to the Greater Orlando Hotel / Motel Association;

Has conducted more than 61 professional education seminars on the ADA throughout the US; Has been the keynote speaker on the ADA to the state of North Carolina, the state of Massachusetts, state of California, state of Texas, state of Ohio, and the state of Pennsylvania Post Polio Associations.

ADA Consultant to the *State of Florida, Department of Transportation,* "<u>Walk Florida Initiative</u>", consultant to the *City of Plantation;* to *Martin County* and to *Okeechobee County, Florida;* consultant to each of the six hospitals comprising the *Orlando Regional Healthcare System,* including the *Arnold Palmer Children's Hospital;* consultant to *Burger King*; to *Hooters Restaurant's,* to *McDonald'* and to *KFC franchisees.*

ADA Advisor to the *City of Miami, City of Fort Lauderdale, City of Stuart, City of Deerfield Beach, City of Lowell, Massachusetts;* is the ADA Consultant to each of the 54 agencies of the *United Way of Broward County*; is the ADA Advisor to the *Girl Scouts;* served as the ADA Title I Consultant to the *Red Roof Inn Corporation*; and serves as an ADA Consultant to the law firm of *Skadden, Arps* for their Fortune 25 clients.

## MILESTONE RECOGNITIONS

June, 2005 - Appointed by Governor Jeb Bush to the *Florida Building Commission* for a 4 year term.

http://www.dca.state.fl.us/fbc/commission/1_commission_meetings.htm

2005 - Selected by California headquartered *El Pollo Loco* (327 locations) as their ADA Consultant to survey restaurant locations for ADA compliance.

2004 - Selected by the *Helmsley Corporation* to be the ADA consultant for their New York City hotel properties.

2004 - Selected by California, Arizona and Nevada based fast food company, *In-N-Out Burgers* (187 locations) as their ADA Consultant to survey all restaurant locations for ADA compliance.

2004 – White House, Washington, D.C. - Traveled to Istanbul, Turkey at the invitation of the White House in coordination with the Secretary of State for the Presidents NATO Summit trip as a Disability Specialist to discuss disability related issues.

2004 – Selected by the *Columbia Sussex Corporation* as their ADA Consultant to travel to 23 states to insure ADA compliance with all 44 Marriott Resort Hotels and Crowne Plaza Hotels.

2003 - Smithsonian Museum, Washington, D.C. - selected as a Disability Consultant for the worldwide *Polio Oral History Project.*

2003 - Appointed by the Broward County Commission to the *County Board of Rules and Appeals.*
http://www.broward.org/codeappeals/welcome.htm
as the ADA / FBC Disability Expert for all final decisions and rulings on construction, building, and zoning projects (and disputes) within this County of 1.5 million people. Member of:

   *Building Education Committee;- / Architects / General Contractors Committee; / Plumbing Committee*

   1998 – Appointed by U.S. Secretary of the Treasury Robert Rubin to the Secretary's *Taxpayers Advocacy Panel (TAP)* to assist in the Treasury Department's re-organizing of the IRS. Each succeeding Treasury Secretary has reappointed him. Served as the Vice-Chairman.

   1997 - Appointed by the Governor of Florida to the states *Human Rights Advocacy Committee.* Responsibilities included protection and advocacy for those with mental health disabilities;

   1996 - Selected by the US Olympic Committee to carry the Olympic Torch through Ft. Lauderdale, and then selected by the International Olympic Committee to be a *Disability Accessibility Advisor* to the Year 2000 Olympic Games in Sidney, Australia;

   Since 1993, serves on the Board of Directors of the *March of Dimes,* and as a golf coach for *Special Olympics,*

**FEE SCHEDULE:**

1. Expert Compensation:

   $150.00/hour / Deposition: $300.00/hour / Court Testimony: $300.00/hour

2. Witness Publications:

   While an unpublished book author, I have authored more than two dozen newspaper and magazine articles on the ADA and have written on ADA accessibility compliance for disability travel magazines.

3. Prior Expert Testimony / Deposition:

| | |
|---|---|
| 05 / 02-23374 | Access Now, Inc. et al. v. Arby's Roast Beef Restaurants |
| 04 / 02-4070 | Forance v. Caesars Palace |
| 04-13761 | Burton Jacknow, et al. v. Cricket Club Condominium |
| 03-1474 | Access 4 All, Inc. v. Wakulla Suites |
| 03-10694 | Swanson (Berry) v. City of Lowell |
| 02-582 | Access Now, Inc., et al. v. Holiday Inn |
| 00-68794 | Shotz v. City of Plantation |
| 00-10794 | Access 123, Inc. et al. v. Sports Depot |
| 00-107933 | David v. Comsage, d/b/a Howard Johnson's |
| 00-10575 | Michael Muehe v. Thailand International Corporation |
| 99-06027 | Access Now, Inc. v. Leisure Colony d/b/a Hilton Hotel |
| 98-08966 | Access Now, Inc. v. Felcor Lodging d/b/a Embassy Suites |
| 98-08963 | Access Now, Inc. v. Felcor/CSS Holdings d/b/a Doubletree Hotel |
| 98-03004 | Access Now, Inc. v. Florida Medical Center |

| 98-2660 | Association for Disabled Americans, Inc. et al. v. Beach Plaza |
| 96-7006 | Alliance for ADA Compliance, Inc. et al. v. Lauderdale Beach Resort |
| 95 – Title II | Garon v. City of Plantation |
| 94 –Title II | Garon v. Broward County Airport |

## OUTSTANDING ACCOMPLISHMENTS

In mediations, assisted in bringing more than 950 cases to settlement, thus eliminating need for trial(s).

Beginning in the year 2002 Mr. Norkunas has been accepted by both defendants counsel and plaintiffs counsel in more than ten dozen ADA suits as the combined (sole) ADA Expert, and has recently been approved in the 11th Circuit by the Southern District Court as the _Independent Compliance Monitor_ in the Enterprise Rent A Car class action suit involving more than 3,000 locations for ADA compliance.

Mr. Norkunas will testify to the requirements for the removal of architectural barriers and communication barriers that are structural in nature in the existing facility; will testify where a requested modification is reasonable / unreasonable in the run of cases; and will testify when a requested modification would / would not fundamentally alter the nature of the public accommodation or public entity.